IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF OHIO

EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CIVIL ACTION NO. |
| | ) | |
| Plaintiff, | ) | JUDGE |
| | ) | |
| v. | ) | |
| | ) | |
| $23,000.00 IN U.S. CURRENCY, | ) | COMPLAINT IN FORFEITURE |
| | ) | |
| Defendant. | ) | |

NOW COMES plaintiff, the United States of America, by Carole S. Rendon, United States Attorney for the Northern District of Ohio, and Phillip J. Tripi, Assistant U.S. Attorney, and files this Complaint in Forfeiture, alleging on information and belief the following:

JURISDICTION AND INTRODUCTION

1.     This Court has jurisdiction over this in rem proceeding pursuant to 28 U.S.C. §§ 1345 and 1355, and 21 U.S.C. § 881.

2.     This Court has venue in this matter pursuant to 28 U.S.C. § 1395.

3.     The defendant $23,000.00 in U.S. Currency (hereinafter "defendant currency") was seized on February 24, 2016.   The defendant currency is now in the possession of the federal government.

4.     Subsequent to the seizure, the Drug Enforcement Administration (hereinafter "DEA") commenced administrative forfeiture proceedings against the defendant currency.   A claim to the defendant currency was submitted in the administrative forfeiture proceeding by

Robert Coore aka Demetrus Williams (hereinafter "Coore"), necessitating the filing of this judicial forfeiture action.

5.      The defendant currency is subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(6), because it constitutes proceeds traceable to drug trafficking activities and/or was used or intended to be used to facilitate drug trafficking in violation of 21 U.S.C. §§ 841(a) and/or 846.

FORFEITURE COUNT

6.      On February 23, 2016, a member of the DEA Cleveland Transportation Interdiction Group received information regarding the proposed travel itinerary for a "Demetrus Williams," scheduled to depart Cleveland, Ohio, at 5:42 a.m. on February 24, 2016, on a flight to Orange County, California.

7.      DEA conducted a records check and found no criminal history under the name, Demetrus Williams.   At this time, DEA was unaware of Coore's true identity.

8.      DEA had learned that Taiwan Wiggins (hereinafter "Wiggins") and Dalante Allison (hereinafter "Allison")were also scheduled to fly out of Cleveland on that same flight and that both had previous felony drug arrests and convictions.   DEA was aware that Wiggins was a significant drug dealer in the Cleveland area.

9.      At approximately 4:50 a.m. on February 24, 2016, agents learned that Coore aka Williams had arrived at the airport, had purchased his one-way ticket with cash, and was travelling with one piece of carry-on luggage, a back pack.

10.     Agents observed that as Coore walked past them, Coore was intensely focused on agents interviewing Wiggins in the concourse.

11.     Additional agents encountered Coore, identified themselves, and obtained consent to search Coore's backpack and his person.

12.     During the encounter, agents observed that Coore acted extremely nervous. Coore's voice trembled and his hands were shaking as he often responded to questions with faint mumblings.

13.     Coore identified himself as Demetrus Williams, insisted he was travelling alone, and stated that he was headed to California to visit his two daughters.   He was unable to provide an address or the city where his daughters lived.

14.     Coore aka Williams stated he is self-employed and then stated he has worked for Jefferson Landscaping for the past six to seven years, and provided a phone number for his employer.

15.     Coore aka Williams stated he makes less than $10,000 per year and has not filed tax returns for the past two years.

16.     During the consensual search, agents found the defendant currency, consisting of multiple rubber-banded stacks of currency placed in separate pockets inside the back pack.

17.     When asked about the currency, Coore claimed it totaled $15,000.   The DEA seized the currency and later determined it totaled $23,000.00.

18.     After the encounter, a DEA agent attempted to contact Jefferson Landscaping using the telephone number Coore had provided, but were advised by the person answering the phone that the agent had the wrong number.

3

19.     A certified canine officer and his canine, "Kilo," conducted a blind test at the airport, during which the canine made a positive alert for the odor of narcotics on the box containing the defendant currency.

20.     During a separate search of Wiggins' luggage, agents found $31,000.00 in U.S. Currency hidden behind the lining of a suitcase.

21.     During a separate search of Allison's carryon luggage, agents found $10,000 in U.S. Currency in a bundle inside a sock.

22.     Subsequent to the encounter, agents learned that Demetrus Williams was an alias for Coore and that Coore has a drug-related criminal and forfeiture history which includes convictions for conspiracy to launder monetary instruments on February 16, 2012, in the United States District Court for the Central District of California, Case No. CR 10-01311; conspiracy to commit money laundering on October 5, 2012, in the United States District Court for the Southern District of Iowa, Case No. 1:10CR252; the civil forfeiture on August 10, 2011, of $57,880.00 in U.S. Currency that had been seized from Coore, in the United States District Court for the Northern District of Ohio, Case No. 5:10CV2022; and the civil forfeiture on May 23, 2011, of $100,355.00 in U.S. Currency for which Robert Coore had filed a claim, in the United States District Court for the Southern District of Iowa, Case No. 1:10CV034.

23.     Wiggins has a drug-related criminal history which includes multiple arrests and the following conviction:   Conspiracy to Possess with Intent to Distribute Cocaine Base, in the United States District Court for the Northern District of Ohio, on August 10, 2007, in Case No. 1:06CR594.

24.     Allison has a drug-related criminal history which includes multiple arrests and the following convictions in the Cuyahoga County Court of Common Pleas:     Trafficking in Drugs (two counts), on January 5, 2005, Case No. CR-4456385; Trafficking in Drugs, on May 31, 2006, Case No. CR-6477340; and Drug Possession, on September 29, 2014, Case No. CR-14583668.

25.     On March 11, 2016, the Utah Highway Patrol encountered Coore and Wiggins travelling together in the same rental vehicle on Interstate 15 in or near Cedar City, Utah.   Coore identified himself as "Demetrus Williams" and presented false identification in that name to the Utah Highway Patrol.

26.     By reason of the foregoing, the defendant currency is subject to forfeiture to the United States pursuant to the statutory authority set forth in paragraph 5 hereof.

WHEREFORE, plaintiff prays that this Court enter judgment condemning the defendant currency and forfeiting it to the United States of America for disposition according to law and for such other relief as this Court may deem just and proper.

Respectfully submitted,

CAROLE S. RENDON
United States Attorney

By:

Phillip J. Tripi
Reg. No. 0017767
United States Court House
801 West Superior Avenue, Suite 400
Cleveland, OH 44113
Phone: (216) 622-3769
Fax:    (216)522-7499
Phillip.Tripi@usdoj.gov

VERIFICATION

STATE OF OHIO        )
                         ) SS.
COUNTY OF CUYAHOGA )

I, Phillip J. Tripi, being first duly sworn, depose and say that I am an Assistant United States Attorney for the Northern District of Ohio, and one of the attorneys for the Plaintiff in this action. Under penalty of perjury I depose and say the foregoing Complaint in Forfeiture is based upon information officially provided to me and is true as I verily believe.

Phillip J. Tripi
Assistant U.S. Attorney

Sworn to and subscribed in my presence this 26th day of August, 2016.

Notary Public

**MELANIE KATE SANDS**
Notary Public, State of Ohio
My Commission Expires May 6, 2020

6