UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| UNITED STATES OF AMERICA, | ) | CASE NO. 16CV2140 |
| --- | --- | --- |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | |
| | ) | |
| $23,000.00 in U.S. CURRENCY, | ) | MEMORANDUM OPINION |
| | ) | |
| Defendant. | ) | |

This matter is before the Court upon the Plaintiff's, United States of America's, ("United States"), Motion to Strike Claim and Answer for failing to Respond to Special Interrogatories. (ECF #21). Claimant, Robert Coore ("Claimant Coore"), timely filed a Response. (ECF #23). Also before this Court is a Motion for Summary Judgment on the Issue of Standing filed by Plaintiff, the United States (ECF #25). Claimant Coore filed a Response to the Motion for Summary Judgment, (ECF #27), and the United States filed a Reply Brief (ECF #28). Therefore, this matter is fully briefed and ripe for review.

I.     FACTUAL AND PROCEDURAL HISTORY[1]

This case originates as a civil *in rem* forfeiture complaint filed by the United States on August 26, 2016, against $23,000.00 in U.S. Currency. (ECF #1). On February 24, 2016, Claimant Coore was at the Cleveland Hopkins International Airport as a ticketed passenger who paid cash for a one-way flight to Orange County, California. The Drug Enforcement Agency Cleveland Transportation Interdiction Group ("DEA"), received information that Taiwan

---

[1] The factual summary is based upon the parties' statements of fact, and those material facts which are controverted are stated in a light most favorable to Claimant, the non-moving party.

1

Wiggins and Dalante Allison, both having previous felony drug convictions, had also paid cash for one-way tickets on the same flight.[2] DEA agents spoke to Claimant Coore, who provided false information about his identity, his employer and his reason for traveling. (See ECF #21, pp. 2-3). The DEA agents searched Claimant Coore and his belongings, and found $23,000.00 in cash, which they seized. (*Id.*). Claimant Coore has since been deported. (See ECF #23, p. 2).

On August 26, 2016, the United States filed a Complaint in Forfeiture pursuant to 21 U.S.C. § 881(a)(6), alleging that the seized currency was subject to forfeiture "because it constitutes proceeds traceable to drug trafficking activities, and/or [was] used or intended to be used to facilitate drug trafficking in violation of 21 U.S.C. § 841(a) and/or 846." (ECF #1, PageID 2).

On September 27, 2016, Claimant Coore filed a Verified Claim asserting to be "the person who is the sole owner of these monies." (ECF #8, PageID 32). In October 2017, the United States challenged Claimant Coore's standing to pursue his claim by propounding upon him Special Interrogatories. Having received no response to the Special Interrogatories as of February 2018, the United States filed its Motion to Strike. (ECF #21). The United States argued in its Motion to Strike that Claimant Coore's claim and answer should be stricken pursuant to Rule G(6) of the Federal Rules of Civil Procedure's Supplemental Rules for Admiralty or Maritime Claims and Civil Forfeiture Actions (the "Supplemental Rules"), which provides that "at any time before trial, the Government may move to strike a claim or answer for failing to comply with . . . [this Rule]. (ECF #21, pp. 5-8).

---

[2] See *United States of America v. $31,000.00 in U.S. Currency, et al.*, 872 F.3d 342 (6th Cir. 2017).

On March 16, 2018, Claimant Coore responded to each Special Interrogatory with the following statement: "I wish to assert my Fifth Amendment Privilege not to answer." (ECF #23-2).

On April 9, 2018, the United States filed its Motion for Summary Judgment on the Issue of Standing, arguing that Claimant Coore has not met his burden of proving standing to present his claims as the sole owner of the seized monies. (ECF #25). Claimant Coore replied by stating that he does have standing, and that the United States has to prove it conducted a consensual search in order to prevail. (ECF #28).[3]

For the reasons set forth herein, the United States' Motion to Strike (ECF #21) is DENIED as MOOT and the United States' Motion for Summary Judgment (ECF #25) is GRANTED.

## II. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986)(citing Fed. R. Civ. P. 56(c)). The burden of showing the absence of any genuine issue of material fact rests with the moving party:

> [A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits," if any, which it believes demonstrates the absence of a genuine issue of material fact.

---

[3] Claimant Coore provides no factual basis nor legal authority to support the claim that the United States must prove "a consent to search," therefore, it will not be addressed herein.

*Id.* at 323.

A fact is "material only if its resolution will affect the outcome of the lawsuit." *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986). Accordingly, the nonmoving party must present "significant probative evidence" to demonstrate that "there is [more than] some metaphysical doubt as to the material facts." *Moore v. Philip Morris Cos., Inc.*, 8 F.3d 335, 340 (6th Cir. 1993). The nonmoving party may not simply rely on its pleading, but must "produce evidence that results in a conflict of material fact to be solved by a jury." *Cox v. Kentucky Dep't. of Transp.*, 53 F.3d 146, 150 (6th Cir. 1995).

The evidence, all facts, and any inferences that may be permissibly drawn from the facts must be viewed in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). However, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 252.

Summary judgment should be granted if a party who bears the burden of proof at trial does not establish an essential element of his case. *Tolton v. American Biodyne, Inc.*, 48 F.3d 937, 941 (6th Cir. 1995)(citing *Celotex*, 477 U.S. at 322). Moreover, if the evidence is "merely colorable" and not "significantly probative," the court may decide the legal issue and grant summary judgment. *Anderson*, 477 U.S. at 249-50 (citation omitted).

III. LAW AND ANALYSIS

In a civil forfeiture action, a person who wishes to intervene and assert an interest in the property must file two responsive pleadings: a verified claim and an answer. 18 U.S.C. § 983(a)(4)(A) and (B); Supp. R. G(5). The verified claim must "identify the specific property claimed," "identify the claimant and state the claimant's interest in the property," and "be signed

4

by the claimant under penalty of perjury." Supp R. G(5)(a)(i). The Government may then serve Special Interrogatories upon the claimant, seeking information relating to claimant's identity and relationship to the seized property. Supp. R. G(6)(a).

In this matter, Claimant Coore replied to the Special Interrogatories by pleading the Fifth Amendment, and provided no evidence to support his claim of ownership of the currency. Recent case law in the Sixth Circuit has held that "Rule 5(G) requires claimants to do no more than identify themselves and state their interest in the property subject to forfeiture," and that "at the pleading stage, a verified claim of ownership is sufficient to satisfy Article III and the procedural requirements of Rule G." *$31,000.00*, 872 F.3d at 350. Based upon this new case law, Claimant Coore sufficiently responded to the Special Interrogatories, and therefore, the Motion to Strike is MOOT.

The only remaining issue before the Court is whether Claimant Coore can meet his burden establishing Article III standing at this stage of the proceeding. The issue of standing is a threshold matter in an *in rem* civil forfeiture proceeding. *See United States of America v. $31,000.00 in U.S. Currency*, 2018 WL 2336814, (N.D. Ohio May 23, 2018), at *4 (*citing United States v. $8,440,190.00 in U.S. Currency*, 719 F.3d 49, 57 (1st Cir. 2013)). To meet Article III's case-or-controversy requirement, Claimant Coore must establish the three elements of standing: (1) an injury in fact; (2) a causal connection between the injury and the conduct complained of; and (3) a likelihood that the injury will be redressed by a favorable decision. *$31,000.00*, 2018 WL 2336814, at *4 (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561, 112 S.Ct. 2130 (1992). To withstand a motion for summary judgment on lack of standing, Claimant Coore cannot rely on mere allegations, but rather, must set forth, by affidavit or other

evidence, specific facts which for purposes of the motion for summary judgment will be taken as true. *Id.*

Courts have assessed Article III standing in civil forfeiture cases by requiring that a claimant have "colorable ownership" in at least a portion of the seized property. *See $31,000.00*, 872 F.3d at 348. This means that a claimant must present "some evidence of ownership" beyond the mere assertion of an ownership interest in the property. *See $31,000.00*, 2018 WL 2336814, at *4 (citing *United States v. Phillips*, 883 F.3d 399, 403 (4th Cir. 2018)).

The United States argues herein that Claimant Coore "offers no evidence in support of his bare allegation of ownership that he relied upon during the pleading stage of this proceeding." (ECF #28, p.1). This Court agrees. Claimant Coore was given the opportunity to present evidence of ownership in his responses to the Special Interrogatories. Instead, Claimant Coore plead the Fifth Amendment in response to each Special Interrogatory, and has subsequently provided no other form of evidence to support his claim of ownership.

The Sixth Circuit has made it clear that while a claimant does not have to spell out his interest in the seized property at the outset of the case, Special Interrogatories are specifically used to "either confirm a claimant's interest in the *res* or expose the futility of the claim." *$31,000.00*, 872 F.3d at 354-55. Claimants should not be permitted to use the Fifth Amendment as a way of frustrating the government's attempt to determine the nature of their asserted ownership interest. *$31,000.00*, 2018 WL 2336814, at *6. Having provided no evidence to support the claim of ownership to the seized currency, Claimant Coore is unable to meet his burden of establishing standing at the summary judgment stage. See *$31,000.00*, 2018 WL 2336814, at *7. Therefore, the United States is entitled to summary judgment.

IV. CONCLUSION

For the reasons set forth herein, the United States' Motion to Strike (ECF #21) is DENIED as MOOT and the United States' Motion for Summary Judgment (ECF #25) is GRANTED.

IT IS SO ORDERED.

*[signature]*
DONALD C. NUGENT
United States District Court

Date: June 19, 2018